**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION**

| | |
|---|---|
| **FRANKLIN MENDIOLA,** <br> **on behalf of himself and** <br> **all others similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ADP SCREENING AND SELECTION** <br> **SERVICES, INC.,** <br><br> **Defendant.** | CIVIL ACTION <br> NO:_____ <br><br><br> **CLASS ACTION REQUESTED** |

**CLASS ACTION COMPLAINT**

PLAINTIFF FRANKLIN MENDIOLA, on behalf of himself and all similarly situated individuals, files this Complaint and states as follows:

**INTRODUCTION**

1. This class action alleges that certain policies and practices followed by Defendant ADP Screening and Selection Services, Inc. ("ADP") in furnishing consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Specifically, Defendant violated Section 1681b(b) of the FCRA by failing to obtain the required certifications required thereunder prior to furnishing consumer reports to its users.

2. On behalf of himself and the putative class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4. Venue is proper in this Court under 28 U.S.C. § 1391 as Defendant resides in Colorado and regularly conducts business in this district and division, including contracting to supply goods and services in Colorado. Additionally, Plaintiff resides in Colorado.

## PARTIES

5. Defendant is a Colorado corporation. Pursuant to the Colorado Secretary of State's website, Defendant's principal office street address is One ADP Blvd., MS433, Roseland, NJ 07068 and its registered agent is The Corporation Company, 1675 Broadway, Suite #1200, Denver, CO 80202.

6. Defendant is a "person" as defined by the FCRA. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

7. At all times relevant hereto, Defendant was a consumer reporting agency ("CRA") as defined by 15 § U.S.C. 1681a(f). During the relevant time, Defendant was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties for employment purposes.

8. Plaintiff is a resident of Colorado and is a "consumer" protected by the FCRA, 15 § U.S.C. 1681a(c).

2

## FACTUAL ALLEGATIONS

### The Statutory Landscape

9. 15 U.S.C. § 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
> (1) Certification from user
>
> A consumer reporting agency may furnish a consumer report for employment purposes only if –
>
> (A) the person who obtains such report from the agency certifies to the agency that—
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
>
> (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and
>
> (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

10. Thus, according to 15 U.S.C. § 1681b(b), a consumer reporting agency may not furnish to a user a consumer report for employment purposes unless the user has certified to the consumer reporting agency that it *has complied* with paragraph (2) of Section 1681b(b) with respect to the consumer report, and that it *will comply* with paragraph (3) of Section 1681b(b) with respect to the consumer report.

11. Several courts have held that prospective, blanket certifications obtained by a consumer reporting agency from a user do not comply with 15 U.S.C. § 1681b(b) because they run counter to Section 1681b(b)(1)'s use of the phrase "has complied," which refers retrospectively to an action already taken. *See, e.g., Syed v. M-I LLC*, No. 1:14-742-WBS-BAM, 2014 WL 5426862, at **4-5 (E.D. Ca. Oct. 23, 2014); *Robles v. Ampam Parks Mechanical, Inc.*, No. 14-02362-VAP, 2015 WL 1952311, at **4-5 (C.D. Ca. Apr. 28, 2015).

**Background Reports Furnished by Defendant**

12. In August 2014, Plaintiff applied for a job with CA Ventures, LLC in Washington.

13. On or about August 8, 2014, CA Ventures, LLC, through Campus Acquisitions Investment Management LLC, procured or caused to be produced a consumer report regarding Plaintiff from Defendant.

14. On or about August 8, 2014, Defendant furnished Plaintiff's consumer report to Campus Acquisitions Investment Management LLC.

15. The consumer report stated:

> Your acceptance and use of this report constitutes your certification that you are in full compliance with the Fair Credit Reporting Act (15 U.S.C. Section 1681 et seq., as amended) and all applicable state and federal laws, including but not limited to state and federal equal employment opportunity laws. Prior to requesting or using this report, clients must have signed a Statement of Terms and Conditions certifying that users are familiar with, will abide by and will use the report in compliance with all applicable laws, including but not limited to, the Fair Credit Reporting Act.

16. Upon information and belief, at all times relevant to this action, all of the consumer reports that Defendant has furnished to users have contained this same certification.

17. Upon information and belief, at all times relevant to this action, Defendant has required the users to whom it furnishes a consumer report to sign a Statement of Terms and Conditions, which requires that the user prospectively certify that it will comply with the Fair Credit Reporting Act, including Section 1681b(b)(1).

18. Defendant violated Section 1681b(b)(1) by furnishing consumer reports regarding Plaintiff and other class members for employment purposes without first obtaining from the persons who obtained such report a certification that such person "has complied with paragraph (2) [of Section 1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

19. Defendant knew or should have known about its legal obligations under the FCRA. The language of Section 1681b(b)(1) is plain and clearly ascertainable. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report from the agency certifies to the agency that-- (i) the person **has complied** with paragraph (2) with respect to the consumer report, and the person **will comply** with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation." (Emphasis added.)

20. By failing to obtain the required specific certification from the persons to whom Defendant furnished consumer reports as to each consumer report provided before providing the

specific consumer report that was the subject of the certification, Defendant violated the express requirement of Section 1681b(b)(1).

21. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable consumer reporting agency knows about or can easily discover these obligations.

22. Despite knowing of these legal obligations, Defendant intentionally or recklessly acted consciously in breaching its known duties and depriving Plaintiff and other Class members their rights under the FCRA. Plaintiff believes that Defendant did not obtain proper and valid certifications *before* furnishing consumer reports to its clients because Defendant did not want to incur the expenses associated with obtaining such certifications as to each consumer as to whom a consumer report was generated and provided by Defendant.

23. As a result of these FCRA violations, Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

## CLASS ACTION ALLEGATIONS

24. Plaintiff asserts his claims in Count I on behalf of a putative "Certification Class" defined as follows:

> **Proposed Certification Class:** All persons residing in the United States (including all territories and other political subdivisions of the United States) as to

whom ADP Screening and Selection Services, Inc. furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p, without first obtaining from the person to whom ADP Screening and Selection Services, Inc. furnished such consumer report a certification that such person had complied with its obligations under Section 1681b(b)(2) as to the subject of the consumer report.

25. <u>Numerosity</u>: The members of the Class are believed to be in excess of 100,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

26. <u>Typicality</u>: Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

27. <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

28. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendant violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without first obtaining from persons to whom it furnished such report a certification by such person as to each consumer report it furnished that such person "has complied with paragraph (2) [of Section

1681b(b)] with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) [of Section 1681b(b)] becomes applicable."

b. Whether Defendant's violations were willful.

29. <u>Superiority</u>: Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

**FIRST CLAIM FOR RELIEF**

**(Count I: 15 U.S.C. § 1681b(b)(1))**

30. Plaintiff realleges Paragraph Nos. 1-29 as if fully set forth herein.

31. According to Section 1681b(b)(1)(A), a "consumer reporting agency may furnish a consumer report for employment purposes only if -- (A) the person who obtains such report

from the agency certifies to the agency that-- (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation."

32. By failing to obtain the required specific certification from persons to whom Defendant furnished consumer reports as to each consumer report provided before providing the specific consumer report that was the subject of the certification, Defendant violated the express requirement of Section 1681b(b)(1).

33. The foregoing violations were willful. Defendant knew or should have known about its obligations under the FCRA.

34. Plaintiff and the Certification Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n.

35. Plaintiff and the Certification Class members are also entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    a. Determining that this action may proceed as a class action under Rule 23(b)(1), (2), and (3) of the Federal Rules of Civil Procedure;

    b.    Designating Plaintiff as a class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.    Issuing proper notice to the Putative Class at Defendant's expense;

    d.    Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    e.    Awarding statutory damages as provided by the FCRA;

    f.    Awarding reasonable attorneys' fees and costs as provided by the FCRA;

    g.    Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

DATED: August 27, 2015

                    By: /s/ Jeffrey B. Sand
                         Jeffrey B. Sand
                         THE WEINER LAW FIRM LLC
                         3525 Piedmont Road
                         7 Piedmont Center, 3rd Floor
                         Atlanta, Georgia 30305
                         (404) 205-5029 (Tel.)
                         (866) 800-1482 (Fax)
                         js@atlantaemployeelawyer.com

                         COUNSEL FOR PLAINTIFF AND FOR THE PUTATIVE CLASS